09-4267-ag
Hassan v. Holder

BIA
Morace, IJ
A070 658 323
A076 245 796
A076 245 797

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of April, two thousand twelve.

PRESENT:
 RALPH K. WINTER,
 REENA RAGGI,
 SUSAN L. CARNEY,
  *Circuit Judges*.

_____

MOHAMMAD MONIR HASSAN, NAZIAT HASSAN, NASRIN HASSAN,
  *Petitioners*,

        v.                                    09-4267-ag
                                         NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
  *Respondent*.

_____


FOR PETITIONERS:        Lawrence Spivak, Jackson
                        Heights, New York.

**FOR RESPONDENT:**       Tony West, Assistant Attorney
                          General; Anthony P. Nicastro,
                          Senior Litigation Counsel;
                          Andrew N. O'Malley, Trial
                          Attorney, Civil Division, Office
                          of Immigration Litigation, U.S.
                          Department of Justice,
                          Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED that the petition for review
is DENIED.

Petitioners, Mohammad Monir Hassan ("Hassan"), his wife
Naziat Hassan, and his daughter Nasrin Hassan, natives and
citizens of Bangladesh, seek review of a September 14, 2009,
decision of the BIA affirming the December 4, 2007, decision
of Immigration Judge ("IJ") Philip L. Morace denying their
applications for asylum, withholding of removal, and relief
under the Convention Against Torture ("CAT"). *In re Mohammad
Monir Hassan*, Nos. A070 658 323, A076 245 796 / 797 (B.I.A.
Sept. 14, 2009), *aff'g* Nos. A070 658 323, A076 245 796 / 797
(Immig. Ct. N.Y. City Dec. 4, 2007).  We assume the parties'
familiarity with the underlying facts and procedural history
of the case.

Under the circumstances of this case, we have reviewed
both the IJ's and the BIA's opinions "for the sake of

2

completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because the Hassans do not meaningfully challenge the agency's denial of CAT relief, we address only the agency's denial of asylum and withholding of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

With respect to the Hassans' claim of past persecution, substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on several inconsistencies in the record that went to the heart of the Hassans' claims, *see Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), to support that determination, *see Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). Hassan provided testimony that was internally inconsistent, inconsistent with his written applications, and inconsistent with his wife's testimony regarding when he was arrested and detained by government authorities, when he was attacked and stabbed, the chronology of when he was attacked and when his cousin was killed, the reasons why his cousin was killed, and whether and for how long he obtained medical treatment following the alleged arrests and attacks. Given that

3

Hassan was not able to provide explanations for these numerous inconsistencies, a reasonable fact-finder would not be compelled to conclude that Hassan's testimony was credible. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Tu Lin v. Gonzales*, 446 F.3d at 402 (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters 'collateral or ancillary to the claim,' ... the cumulative effect may nevertheless be deemed consequential by the fact-finder" (quoting *Secaida-Rosales v. INS*, 331 F.3d at 308).

In addition, the agency did not err in determining that the Hassans failed to establish eligibility for asylum or withholding of removal based on a threat of future harm. Neither the letter from Hassan's brother nor the background materials identified any harm that Hassan would face upon return to Bangladesh or indicated more generally that former supporters of the Jatiyo Party, or individuals who sought asylum in the United States, faced any harm by the government or others in Bangladesh. Indeed, as the IJ correctly recognized, the evidence regarding Hassan's brother shows at most that he was detained for two days and

4

mistreated for reasons inapplicable to Hassan, namely, the brother's support for a different opposition party and his suspected smuggling of money from Russia into Bangladesh. Thus, the agency did not err in determining that Hassan's fear of future harm was not objectively reasonable. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5